In the Matter of J. GUS LALLANDE INC., Debtor.

The LAW FIRM OF RICHARD A. LEE, Appellant,

v.

Hans Lopez STUBBE, Trustee, Appellee.

Civil No. 86–1388 (JP).

United States District Court, D. Puerto Rico.

Aug. 17, 1987.

José Calderón Bartolomei, San Juan, P.R., for Firm of R. Lee.

Elisa Bobonis Lang, John M. García Law Offices, Hato Rey, P.R., for López Stubbe, Trustee.

## OPINION AND ORDER

PIERAS, District Judge.

The Law Firm of Richard A. Lee (Lee) comes before us on appeal from the Bankruptcy Court's Order of June 10, 1986, entered on June 12, 1986, allowing compensation for professional services rendered by Lee as attorneys for the former trustee in the above captioned Chapter 7 case for the period from January 22, to April 9, 1986. The Bankruptcy Court approved the number of hours and the reimbursement of expenses set forth in Lee's application for allowance of compensation, but reduced the hourly rate of Mr. Lee from $90.00 to $75.00.[1] For the reasons expressed herein, we hold that under applicable law, Lee is entitled to compensation at the hourly rates set forth in its application.

It appears from the record that proper notice of Lee's application to the Bankruptcy Court for allowance of compensation was given to all creditors, that no opposition or objection thereto was filed or voiced at the hearing thereon, and that notice of Lee's present appeal was given to all creditors and no opposition has been filed with this Court. Notice was given to all creditors of the hearing held before us on July 10, 1987, at which counsel for the present Trustee appeared and represented to the Court that the Trustee did not oppose the $90.00 hourly rate requested in respect to the professional services rendered by Mr. Lee on behalf of the former trustee.

Lee's engagement as attorneys for the trustee was approved and authorized by the Bankruptcy Court's Order of January 24, 1986. Appellant submitted affidavits which tend to establish that the hourly rates set forth in its application for allowance of compensation are both below the prevailing rates in this community for non-bankruptcy matters and the actual rates obtained by appellant in nonbankruptcy matters during 1985.

The policy underlying Section 330 of the Bankruptcy Code is to compensate attorneys in the bankruptcy forum based on a number of statutorily mandated factors including the prevailing market rates for attorneys in nonbankruptcy matters. On this record there is no demonstration that the hourly rates set forth in its application are unreasonable. If the hours and hourly rates claimed are reasonable, the lodestar result should not be disturbed without findings to sustain the upward or downward adjustment. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Boston and Maine v. Moore,* 776 F.2d 2 (1st Cir.1985); *Cunningham v. City of McKeesport,* 753 F.2d 262 (3rd Cir.1985). No such findings appear from the Bankruptcy Court's Order from which the present appeal is taken.

Accordingly, the Order of the Bankruptcy Court entered on June 12, 1986, in the above captioned Chapter 7 case, allowing compensation for services rendered by Lee as attorneys for the former trustee is REVERSED as to the hourly rate set by Bankruptcy Court in respect to Mr. Lee. The hourly rate shall be substituted by the $90.00 rate set forth in Lee's application for allowance of compensation for the period from January 22 to April 9, 1986, and the said application stands allowed in the sum of $4,207.50 for professional fees, plus the reimbursement of expenses approved by the Bankruptcy Court. The Trustee shall make payment to Lee accordingly.

The Clerk shall enter Judgment accordingly.

IT IS SO ORDERED.

1. The hourly rates for other members of the firm, an attorney and a legal assistant, were left unchanged by the Bankruptcy Court at $75.00 and $45.00, respectively.